IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PAULA WAMSLEY,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:07CV43
    (Judge Keeley)

**LAB CORP, LABORATORY
CORPORATION OF AMERICA,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER
DISMISSING CASE WITH PREJUDICE**

On July 6, 2007, this Court conducted a scheduling conference and hearing on the defendant's motion to dismiss and deferred ruling on the motion to dismiss so that the plaintiff could, if she chose, amend her complaint to clarify her claims and file any appropriate response to the defendant's motion to dismiss. The deadline for the plaintiff to file both these documents was July 16, 2007. The plaintiff, however, never amended her complaint and has never responded to the defendant's motion to dismiss. Therefore, this Court takes up the defendant's motion to dismiss without benefit of the plaintiff's amended complaint or counterargument.

**I. Standard of Review**

In the Fourth Circuit, a motion to dismiss under Rule 12(b)(6) should only be granted in "very limited circumstances." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). Dismissal is appropriate, however, if it appears that the plaintiff "would not be entitled to relief under any facts which could be proved in support of their claim." Schatz v. Rosenberg, 943 F.2d

485, 489 (4th Cir. 1991). When reviewing the legal sufficiency of a complaint, the court must "accept as true all well-pleaded allegations and must construe the factual allegations in the light most favorable to the plaintiff." Randall v. United States, 30 F.3d 518 (4th Cir. 1994). The court is not, however, "so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Id.

**II.  Statute of Limitations**

The plaintiff filed her complaint on February 22, 2007 in the Circuit Court of Marion County, West Virginia. A suit against an employer for sexual harassment or personal injury is governed by West Virginia's two year statute of limitations. W.Va. Code § 55-2-12; Harmon v. Higgins, 426 S.E.2d 344 (1992). From the complaint, it appears that all of the alleged harassment and the heart attack which the plaintiff attributes to that harassment all occurred more than two years before the complaint was filed. Therefore, because the evidence establishes that there are no material questions of fact on this issue, all of the plaintiff's claims are barred as untimely. Furthermore, even if the plaintiff had timely filed her claims, for the reasons stated below, almost all of those claims would be dismissed as failing to state a claim.

**II.  Sexual Orientation Discrimination**

The plaintiff asserts sexual orientation discrimination under Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 2000(3) et

2

seq., ("Title VII") and the West Virginia Human Rights Act, W.Va. Code 5-11-9 et seq ("WVHRA").  However, discrimination on the basis of sexual orientation is not actionable under Title VII. Wrightson v. Pizza Hut of America, Inc., 99 F.3d 138, 143 (4th Cir. 1996). The West Virginia Supreme Court of Appeals has never directly addressed whether sexual orientation discrimination is actionable under WVHRA.  However, it is the practice of the West Virginia Supreme Court of Appeals to look to federal discrimination law dealing with Title VII when interpreting provision of WVHRA.  In re Kenna Homes Cooperative Corporation, 557 S.E.2d 787, 793 (W.Va. 2001).  Because sexual orientation discrimination is not actionable in federal law, West Virginia would not recognize such a cause of action. Therefore, even when the facts as pled in the Complaint are viewed in the light most favorable to the plaintiff, she would not be entitled to relief under any facts which could be proved in support of her federal claim.  Moreover, based on the expiration of the applicable statute of limitations, that claim, if it did exist, would be time-barred.

**III. Same Sex Harassment**

Under Title VII and WVHRA, court have recognized a claim of same sex harassment when a member of one sex subjects a member of the same sex to harassment because of gender.   See Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998) (recognizing same sex harassment under Title VII);   Willis v. Wal-Mart, 504

3

S.E.2d at 648 (W.Va. 1998) (adopting the rationale of the Oncale decision and recognizing a claim of same sex harassment under WVHRA).

If the plaintiff's allegations are construed as raising a harassment claim based upon same sex discrimination, instead of sexual orientation, this Court must examine the four corners of the complaint to determine if the plaintiff has sufficiently alleged wrongful conduct under federal and state law.  The linchpin to a same sex harassment claim is a showing that the defendant's alleged wrongful conduct was motivated by the plaintiff's sex.  In other words, to prove that the actions at issue were because of plaintiff's sex, plaintiff must allege and prove that: (1) the harasser was making an earnest sexual solicitation; (2) that her harasser was general hostile to females in the workplace; or (3) direct evidence showing that males in the workplace were generally treated better than women.  Willis 523 U.S. at 80-81.

The plaintiff's complaint fails to allege any such grounds. Rather, she alleges that her supervisor "made comments indicating that the Plaintiff is gay and treated her different [sic] because of that belief."  Complaint at ¶ 6.  Even when viewed in the light most favorable to the plaintiff, the facts as pled in the Complaint do not entitle her to relief.

**IV.  Intentional Infliction of Emotional Distress**

West Virginia law recognizes that employees may sue their employers for intentional infliction of severe emotional distress. Harless v. First National Bank in Fairmont, 289 S.E.2d 692 (1982). The four elements that an employee must allege and prove are:

> (1) conduct by the defendant which is atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency; (2) the defendant acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain such distress would result from the conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress was so severe that no reasonable person could be expect to endure it.

Hines v. Hills Department Stores, Inc., 454 S.E.2d 385, 392 (W.Va. 1994).

The allegations in this complaint do not satisfy this high standard. Even if the plaintiff endured humiliating or abusive treatment, that would not be enough. This Court, therefore, finds that, even when viewed in the light most favorable to the plaintiff, the facts as pled in the Complaint do not entitle her to relief.

**V. Discharge Contrary to West Virginia Public Policy**

The general rule in West Virginia is that "the law presumes that employment is terminable at will, permitting an employer to discharge the employee for cause, for no cause, or even for wrong cause." Mace v. Charleston Area Medical Center Foundation, Inc., 422 S.E.2d 624, 630 (W.Va. 1992). Plaintiff has not alleged that

she operated under any type of employment contract which abrogated this general at-will employment doctrine. The legislature and the state courts have carved out narrow exceptions to this rule such as the claim for wrongful discharge in violation of public policy. Harless, 246 S.E.2d at 270.

In order for public policy to support a cause of action for retaliatory discharge, the public policy must be "substantial." Id. "To identify the sources of public policy for purposes of determining whether a retaliatory discharge has occurred, we look to established precepts in our constitution, legislative enactments, legislatively approved regulations, and judicial opinions." Birthisiel v. Tri-Cities Health Serv. Corp., 424 S.E.2d 606, 612 (W.Va. 1992).

The plaintiff cites no authority from which a substantial public policy could be derived. Moreover, the WVHRA does not include sexual orientation as a protected class, and there are no cases which cite discrimination based upon sexual orientation as an actionable Harless claim. Therefore, this Court finds that, even when viewed in the light most favorable to the plaintiff, the facts as pled in the Complaint do not entitle her to relief.

**VI. Constructive Discharge**

The plaintiff alleges she was constructively discharged due to Ms. Guthrie's behavior and by the failure of management to act upon her complaints. Complaint at ¶ 9. In the context of a

discrimination claim, "[a] constructive discharge cause of action arises when the employee claims that because of age, race, sexual, or other unlawful discrimination, the employer has created a hostile climate which was so intolerable that the employee was forced to leave his or her employment." Slack v. Kanawha County Housing and Redevelopment Authority, 423 S.E.2d 547 (W.Va. 1992).

As stated above, the plaintiff has failed to state any claim of unlawful discrimination under either federal or state law. Therefore, it follows that she can have no claim for constructive discharge.

**VIII. Conclusion**

Therefore, for the reasons stated above, this Court **GRANTS** defendant's motion to dismiss and **DISMISSES WITH PREJUDICE** all of the plaintiff's claims.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: September 26, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE